Nasser Abujbarah #026182
The Law Office of Nasser U. Abujbarah
10654 North 32nd Street
Phoenix, AZ 85028
Telephone (602) 493-2586
Facsimile: (602) 923-3458
NUALegal@yahoo.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA, PHOENIX DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| HEATHER RONA SAMEE and | ) | Case No. 2:09-bk-13376-RJH |
| ERIK NYBERG HUNTER | ) | |
| | ) | |
| Debtors. | ) | DEBTORS' OBJECTION TO |
| _____ | ) | MOVANT'S MOTION TO LIFT THE |
| Mortgage Electronic Registration Systems as | ) | AUTOMATIC BANKRUPTCY STAY |
| Nominee for Wells Fargo-Acquisition | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | RE: Real Property Located at |
| | ) | 2708 E. Alameda Rd. |
| HEATHER RONA SAMEE, and | ) | Phoenix, AZ 85024 |
| ERIK NYBERG HUNTER, Debtors; | ) | |
| RUSSELL A. BROWN, Trustee, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

TO THE HONORABLE RANDOLPH J. HAINES, UNITED STATES BANKRUPTCY COURT JUDGE, THE SECURED CREDITOR, SECURED CREDITOR'S COUNSEL, THE TRUSTEE AND OTHER INTERESTED PARTIES:

Debtors HEATHER RONA SAMEE and ERIK NYBERG HUNTER (herein referred to as "Debtors") by and through counsel, Nasser U. Abujbarah, and objects to MORTGAGE

1

ELECTRONIC REGISTRATION SYSTEMS as nominee for   WELLS FARGO Acquisition (hereinafter referred to as "Movant") to the Motion to Lift the Automatic Bankruptcy Stay.

Counsel for Movant knows or should have known that MERS has be held to have no standing in several state courts as they are not a legal entity in certain contexts.  Thus, Movant's Counsel is blant in misleading the Court when it states MERS has legal standing to bring this action .

This Objection to Movant's Motion to Lift the Automatic Bankruptcy Stay is supported by the attached Memorandum of Points and Authorities which is incorporated by this reference.

RESPECTFULLY submitted this date: November 13, 2009

*/s/ Nasser U. Abujbarah*
Nasser U. Abujbarah
The Law Offices of Nasser U. Abujbarah
10654 N. 32nd st.
Phoenix, AZ 85028
Attorney for Debtors

## MEMORANDUM OF POINTS AND AUTHORITIES

**I. STATEMENT OF FACTS:**

_____1. On approximately June 16, 2009, Debtor filed a voluntary petition for protection under Chapter 13 of the Bankruptcy Code.  Was dismissed on approximately September 1, 2009 and reinstated by order of the Court on September 24, 2009

2. Debtors have certain real property located in Maricopa County, Arizona.

3. Movant has not complied with Local Bankruptcy Rule 4001-1(b).

**II.  ARGUMENT:**

**A.  Movant does not have standing in this matter, as Movant would not suffer any injury by the outcome of this Court's finding.**

Movant is not the holder of the Note and owner of the beneficial interest in the Deed of Trust.  All the arguments again Movant argument that this entity has standing is more particularly set out in the Supreme Court of Kansas opinion in *Landmark National Bank v Millennia Mortgage Corporation, No 98,489,* 2009 Kan. LEXIS 834.

MERS functions for banks in much the same capacity as the ECR department of the Arizona Bankruptcy Court.  They as a "nominee" has only one duty, depository of documents. A "beneficiary" of a trust does not have standing to sue for a trust, only the trustee.  Unless of course they are both.

There is no documentation supporting the allegation they are a nominee of Wells Fargo but only for the original lender D HI Mortgage Company, Ltd.


This Court should require the Movant to produce the prescribed documentation of 12 U.S.C. §2605.  Moreover, Counsel for Movant knows that MERS legally has no standing and should be admonished for misleading the Court.

2.  **Movant is adequately protect and the property is required for reorganization of Debtor.**

If the Movant is the the senior lien holder, then as such, Movant is subject to *United Savings Association of Texas  Timbers of Inwood Forest Associates Ltd.,* 108 S. Ct. 626, 484 U.S. 365, 98 L. Ed. 2d 740.   This case addresses the argument of lack of adequate protection of an interest in proper conjunctively "or" with the second element of the two prong test:

(A) the debtor does not have an equity in such property; **and**

(B) such property is not necessary to an effective reorganization

Thus the argument is that equity may be substantiated by the fact that the periodic payments made by trustee's results in a decrease in the value of such entity's interest in the property. Moreover, the alleged secured creditor still holds the lien to said property.

*Timbers,* also set out that the property is necessary to an effective reorganization:

> See §362(g). What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is in prospect. This means, as many lower courts, including the en banc court in this case, have properly said, that there must be "a reasonable possibility of a successful reorganization within a reasonable time.

*Timbers,* also provides for the argument regarding that a Movant lien on real property is subject to bifurcation if the claim is undersecured, under §506 of the United States Bankruptcy Code. . The mortgagee retains the lien on the real property for the amount of the current fair market value. The rights of the mortgagee are retained and not modified. Only the method of payment of the full claim is at issue.

Part of the claim, the secured portion, has standing to be paid before any unsecured claim, in full; the unsecured portion is paid like any other unsecured debt.

The Senate committee note at the end of §506, seeing ahead, that a time could arise that the principal residence could become under secured and provided that the "Court should address the issue case by case."

While it is argued that §506 is not applicable to the principal residence, that is not a valid argument under §1322 of the United States Bankruptcy Code. because of the argument set out above.

Had Movant complied with the Local Bankruptcy Rule set out above they would not need to have the relief they seek in paragraph 7.

Finally, under §506 Movant is not entitled to attorneys fees unless Movant is an over secured creditor.

III CONCLUSION:

The Movant is wanting to lift the stay before debtor has made payment provisions for cure and future payments under the plan. The Court in *Timber* states:

> Section 362(d)(1) is only one of a series of provisions in the Bankruptcy Code dealing with the rights of secured creditors. The language in those other provisions, and the substantive dispositions that they effect, persuade us that the "interest in property" protected by §362(d)(1) does not include a secured party's right to immediate foreclosure.

Moreover, this Court needs to establish the Movant's standing in this matter. Finally, if principle residence is lost as property of the estate; then as stated in *Timber* there would not be any viable purpose for "reorganization."

This Court should deny the alleged secured creditor (Movant's) motion for all the reasons stated above.

RESPECTFULLY submitted this date: November 13, 2009.

>/s/ Nasser U. Abujbarah
Nasser U. Abujbarah
The Law Offices of Nasser U. Abujbarah
10654 N. 32nd st.
Phoenix, AZ 85028
Attorney for Debtors

CERTIFICATE OF FILING AND MAILING

       The Debtor's Objection Motion to Lift Stay has been E-Filed with the Clerk of the Court of the United States Bankruptcy Court, District of Arizona, Phoenix Division on November 13, 2009 and mailed this date, <u>November 13, 2009</u> to:

Mark S Bosco, Esq.
TIFFANY & BOSCO
2525 E Camelback Road
Third Floor
Phoenix, AZ 85016

Russell Brown, Trustee
3838 N. Central Ave. Ste. 800
Phoenix, AZ 85012-1965

By:          <u>/s/ Frank E Hall</u>
Address:    2514 N 86th Street
              Scottsdale, AZ 85257